[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD COUNT
This is a four count complaint, the first two counts directed against Scott and Tina Sheppard for failing to carry out the purchase of plaintiff's real property. The third count is directed to the defendant Jerome Detrich [Dietrich] a neighbor, for tortious interference with the real property contract. The fourth count, sounding in CUTPA, has been withdrawn. Defendant Detrich [Dietrich] moves to strike the third count.
The complaint contains the following factual allegations:
The plaintiffs were the owners of a residence and parcel of land located in Marlborough, Connecticut, on which an easement for right of way, held by defendant Dietrich, was located. On November 25, 1991, defendant Dietrich notified the plaintiffs that a stone wall that had been built by the plaintiffs infringed on the right of way and demanded that the plaintiffs either remove the stone wall or remove two trees that were situated within the right of way. On January 3, 1992, defendant Dietrich informed the plaintiffs that he would agree to the location of the stone wall in exchange for the removal of the two trees located within the right of way. The plaintiffs agreed to this compromise, but added the condition that defendant Dietrich provide a notarized statement indicating his acceptance of the location of the stone wall; defendant Dietrich never provided the requested notarized statement as to this agreement. CT Page 3142
On or about June 5, 1993, the plaintiffs entered into a written contract for the purchase and sale of their property with the Sheppards calling for a closing on or about August 15, 1993. Beginning on July 28, 1993, defendant Dietrich, personally and through counsel, communicated to plaintiffs' real estate agent and the Sheppards that there was an ongoing dispute between him and the plaintiffs as to the exact location and permissible usages of the right of way. On August 5, 1993, the Sheppards repudiated the purchase and sale agreement based upon defendant Dietrich's representations concerning the right of way.
The plaintiffs allege that defendant Dietrich's actions give rise to an action for tortious interference with contractual relations in that defendant Dietrich, through his communications with the Sheppards, "adversely affected plaintiffs contractual ability to sell [their] home."
In support of his motion to strike, defendant Dietrich argues that the efforts to compromise the dispute over the right of way were never settled and that he notified plaintiffs' real estate agent and the Sheppards of this fact. Defendant Dietrich argues that in order to sufficiently plead tortious interference with contractual relations, the plaintiffs' complaint must contain allegations that defendant Dietrich acted with malice or engaged in fraud, misrepresentation, intimidation, or molestation.
In opposition to the motion to strike the plaintiffs rely on their allegations that defendant Dietrich "consciously disregarded" several material facts in making certain representations to plaintiffs' real estate agent and the Sheppards, and that these representations adversely affected the plaintiffs' contract with the Sheppards.
Our Supreme Court has recognized a cause of action for tortious interference with a contractual or beneficial relationship. See Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535, (1988). The elements of this cause of action include "the existence of a contractual or beneficial relationship and that the defendant, `knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss.'" Solomon v. Aberman, 196 Conn. 359, 364,493 A.2d 193 (1985), quoting Harry A. Finman Son, Inc. v. CT Page 3143 Connecticut Truck Trailer Service Co., 169 Conn. 407, 415,363 A.2d 86 (1975); see also Beizer v. Goepfert, 28 Conn. App. 693,701, 613 A.2d (1992). Not every act that interferes with a contract or business expectancy, however, gives rise to a cause of action. Blake v. Levy, 191 Conn. 257, 261 (1983). Rather, the plaintiff must "plead and prove at least some improper motive or improper means" on the part of the defendant and the claimed interference must be "wrongful by some measure beyond the fact of the interference itself." This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation or that the defendant acted maliciously Robert S. Weiss Associates v. Wiederlight, supra p. 537.
The Third count alleges that defendant Dietrich informed the plaintiffs' real estate agent and the Sheppards that there was "an ongoing dispute" concerning the location of the right of way and its permissible usages and that in making these representations, defendant Dietrich "consciously disregarded" several material facts. These facts include: that the dispute with the plaintiffs was over the location of the stone wall, not the location of the right of way; that defendant Dietrich agreed to accept the location of the stone wall on the condition that the plaintiffs remove two trees located within the right of way; that no dispute ever existed as to the permissible usage of the right of way; and that the only "practical impediment" to reaching an agreement with the plaintiffs as to location of the stone wall was defendant Dietrich's failure to deliver to the plaintiffs a formal acknowledgment indicating his acceptance of the compromise
Viewing these allegations in the light most favorable to the plaintiffs, we find that the plaintiffs have failed to allege facts sufficient to establish that defendant Dietrich intentionally sought to interfere with the contractual relationship between the plaintiffs and the Sheppards. The third count lacks many allegations of intimidation, molestation, or malice on the part of the defendant Dietrich. As to fraud or misrepresentation, these exist only where "a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury." Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 362, (1987). Plaintiffs have failed to allege facts sufficient to establish CT Page 3144 that defendant Dietrich made statements to the Sheppards in order to induce those defendants to repudiate the purchase and sale agreement.
Motion to Strike Third Count granted.
Wagner, J.